CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

Jan. 25, 2017

JULIA C. DUDLEY, CLERK
BY: A. Melvin
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MICHELLE CHITTUM, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| EAST MENTAL HEALTH SERVICES, LLC, | ) ) ) ) |
| Defendant. | ) |

**UNDER SEAL**

Civil Action No.: 7:13cv00498

By: Elizabeth K. Dillon
    United States District Judge

## SEALED MEMORANDUM OPINION

In this *qui tam* action brought on behalf of the United States, the relators, all of whom are employees or former employees of defendant, claim that defendant engaged in, and is currently engaged in, fraudulent Medicaid and Medicare billing. In their first amended complaint, the relators assert claims under the False Claims Act (FCA), 31 U.S.C. §§ 3729–3733. The amended complaint also contains claims by one of the relators for retaliation and hostile work environment under the anti-retaliation provisions of the FCA, and various tort claims under state law (intentional infliction of emotional distress, defamation/defamation *per se*, and false arrest/false imprisonment). (Am. Compl., Dkt. No. 23.)[1]

This memorandum opinion addresses two motions before the court—a motion to amend the complaint and a motion to partially unseal. The court also explains the need for the case to continue under seal at this time.

---

[1] The amended complaint was filed with permission and added related claims that arose after the original complaint was filed. (Dkt. No. 22.)

## I. Relators' Motion to Amend the Complaint

In their motion for leave to file a second amended complaint (Dkt. No. 43), relators seek to add new state law claims pursuant to the Virginia Fraud Against Taxpayers Act (VFATA), Virginia Code § 8.01-216.1 *et seq.*, and to assert those claims on behalf of the Commonwealth of Virginia, pursuant to VFATA's *qui tam* provisions. (*See* Proposed Second Am. Compl. ¶¶ 2–3, 74–83, Dkt. No. 43-2 (citing Va. Code §§ 8.01-216.5 and 216.3).) They explain that defendant is being jointly investigated by both the United States and the Commonwealth and that it is appropriate to bring both federal and state claims in federal court. They further contend that this court has original jurisdiction over the FCA claims and should exercise supplemental jurisdiction over the VFATA claims, pursuant to 28 U.S.C. § 1367.[2] (Proposed Second Am. Compl. ¶ 5.) The Court held a brief hearing on the motion to amend, during which counsel for the United States and counsel for the Commonwealth both indicated that they do not take any position on the motion to amend. (*See also* Dkt. No. 43 at 2 (relators' representation that the United States does not take a position on the motion).)

Federal Rule of Civil Procedure 15(a)(2) directs that courts should "freely give leave [to amend] when justice so requires." Courts should deny leave to amend in only three circumstances: (1) bad faith on the part of the moving party; (2) prejudice to the opposing party; or (3) futility. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 310 (4th

---

[2] The Fourth Circuit has recently held that a complaint asserting claims under VFATA—and seeking no relief predicated on violations of federal law—is not removable to federal court. *Commonwealth v. Lab. Corp. of Am.*, 828 F.3d 281 (4th Cir. 2016). But there are cases in which federal courts have exercised supplemental jurisdiction over VFATA claims where there are also FCA claims asserted. *See, e.g.*, *Phipps v. Agape Counseling & Therapeutic Servs., Inc.*, No. 3:13-cv-166, 2015 WL 2452448 (E.D. Va. May 21, 2015); *United States v. Univ. Health Servs., Inc.*, 889 F. Supp. 2d 791 (W.D. Va. 2012).

2

Cir. 1986). There has been no allegation of bad faith here, and the court can find none on the record.

In evaluating prejudice, the court first notes that there has been a substantial delay in bringing this motion. The case itself has been pending since October 2013. Also, relators attempted approximately two years ago to effect the same result as granting their motion to amend will have. Specifically, in January 2015, relators asked this court to "consolidate" a pending state court action with this federal action. (Dkt. No. 18.) The judge to whom the case was assigned at the time denied that motion (Dkt. No. 19), but relators made no attempt after the denial to amend to add the claims they are now seeking to amend, or to bring in the Commonwealth as an additional party. Nonetheless, as Judge Cacheris recently ruled in another *qui tam* action, the passage of time since filing "seems a poor indicator of the prejudice caused by permitting an amendment." *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D 56, 61 (E.D. Va. 2016), *appeal docketed*, No. 16-1262 (4th Cir., March 11, 2016). Instead, "[t]he better measure of delay appears to be the time remaining between the amendment and a resolution of the case on the merits." *Id.* at 61–62. In this case, especially given the fact that defendant has not yet been served, and that the United States was given repeated extensions of the sealed period in order to determine whether or not to intervene, the court concludes that there is no improper prejudice from this delay. Thus, the court will not deny the motion to amend on the grounds of prejudice.

Finally, in considering futility, the court notes that it does not have the benefit of any opposing party's brief on the issue, due to the nature of this *qui tam* action and the fact that defendant has not yet been served. Once defendant is served, a motion to

3

dismiss may be well-taken. But at this time, the court sees no obvious basis on which to hold, *sua sponte*, that the new claims would be futile. In particular, the statute of limitations for VFATA claims requires that civil actions be brought within "six years after the date on which the violation is committed," or within "three years after the date when facts material to the right of action are known or reasonably should have been known by the official of the Commonwealth charged with responsibility to act in the circumstances, whichever occurs last." Va. Code § 8.01-216.9. The Second Amended Complaint here does not provide any specific dates as to the alleged violations. The only dates set forth are the dates of hiring of the four relators (which range from 2009 to 2011) and an allegation that the instances of fraudulent billing had been occurring for years and was "on-going" as of the filing of the Second Amended Complaint. Thus, at least some of the violations are alleged to have occurred within the statute of limitations.

Accordingly, the court will allow the amendment sought by relators and will direct the clerk to file the second amended complaint under seal in this case.

## II.  The Court Will Maintain the Case Under Seal

The court also addresses briefly the need to maintain this action under seal at this time. As noted at the January 20, 2017 hearing, the court has some concerns about the amount of time this case has been under seal to allow for investigation. There have been two developments in the case that could potentially cause the seal to be lifted, but granting the motion to amend would require the case to remain under seal for at least 120 days, or until the Commonwealth makes its decision as to whether or not to intervene. *See* Va. Code 8.01-216.5 (allowing a VFATA *qui tam* action in the name of the Commonwealth and requiring that the complaint be served on the Commonwealth, "be

filed in camera[, and] remain under seal for at least 120 days.") During that period, the Commonwealth may elect to intervene or notify the court that it declines to do so. *Id.* In response to the court's concern, the Commonwealth's counsel indicated that the Commonwealth would likely be able to make a decision about whether to intervene or decline intervention within 30 days. Thus, the court has granted the motion to amend and will allow the case to remain under seal for the additional period.

The court touches briefly on the two developments that could otherwise have potentially led to unsealing some or all of the case. First, pending before the court is a motion to partially unseal, which was filed by an entity named East Mental Health, LLC (EMH), who has not been served with process or received from the court any of the sealed documents in this case. EMH requests the partial unsealing of a *qui tam* complaint described by EMH in its motion with some specificity, albeit not by case number. (Dkt. No. 33.) The court permitted EMH to file its motion under seal, allowed it to be docketed in this case, and ordered the United States to file a response to the motion to partially unseal. The court also permitted EMH to file a reply. EMH was provided with a redacted copy of the court's order and the response by the United States, in which the parties' names and the case number were not included.

Second, on January 11, 2017, the United States filed a notice of declination, indicating that it does not intend to intervene in this action at this time. (Dkt. No. 46.) Normally, the case (or at least substantial portions of the filings in the case) would have been unsealed upon the filing of that notice. Because the motion to amend was pending, however, the court has not yet unsealed the case. This is because, as noted, the granting of the motion to amend requires the court to keep under seal the complaint for 120 days,

or until the Commonwealth's intervention decision has been made. Given the overlap of claims, the unsealing of prior documents would effectively destroy the utility of that period of sealing.

In short, in light of the court's granting of the motion to amend to add the VFATA claim on behalf of the Commonwealth, this matter must remain under seal for an additional 120 days or until the Commonwealth notifies the court of its intervention decision. Accordingly, the court will deny EMH's motion to partially unseal and will also not unseal the case in response to the United State's notice of election to decline intervention at this time.

## CONCLUSION

For the foregoing reasons, the court will grant the motion to amend (Dkt. No. 43), and will deny the motion to unseal (Dkt. No. 33.) This matter will remain under seal in its entirety until further order by the court.

Additionally, in order to effectively maintain the seal in this case, the court will enter separate orders on the two pending motions, and EMH will be given a redacted version only of the second order denying its motion to unseal.

Entered: January 25, 2017.

/s/ *Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge